## Newell vs. Smith and others.

Practice:   *Action to abate dam.—Necessary defendants.—Right of other*
            *parties to be made defendants.*

1. An action to abate a dam unless payment be made for plaintiff's lands
   overflowed thereby, may be brought against the persons who have con-
   structed and maintained the dam, without joining as defendants their
   grantees of the right to use portions of the water.
2. Such grantees, showing rights entitled to protection in the suit, may be
   made defendants on their own application; and upon payment of the
   damages for flowage of plaintiff's lands, may prevent an abatement of
   the dam.

APPEAL from the Circuit Court for *Rock* County.

The complaint alleges that in 1860, plaintiff became owner of certain described lands situate on or near Rock river; that a dam had previously been erected across said river, below said lands, which caused the water to set back and overflow them; and that defendants have unlawfully and wrongfully maintained said dam, to the nuisance and injury of the plaintiff; and it demands judgment for damages, and for the abatement of the dam. The answer alleges that conveyances of the right to draw and use water from said dam had been made to certain persons named, and that each of such persons is a necessary party to this action; and it denies that the dam has been wrongfully kept up and maintained by the defendants.

At the trial, defendants introduced in evidence deeds made by them at various times to divers persons, each deed granting the perpetual right to draw and use a specified number of square inches of water " from the mill-pond or canal created by " said dam, " and the race-ways connected therewith,   *   *   said water to be drawn under a head of four feet, or water sufficient under any different head to produce a power equal to the power produced [by the specified number of inches] under a four foot head." It further appeared

that the grantees and grantors in such conveyances were bound by the terms thereof to contribute to the expense of keeping in repair the dam and canal connected therewith, in proportion to the number of square inches of water owned and used by them severally; and that in case of a failure of any grantee to pay his share of such expense, the grantors had a right to enter upon his land or buildings and shut off the water until payment was made. The court thereupon ordered a juror to be withdrawn, and the cause continued, and that plaintiff be permitted to amend his summons and complaint, within forty days, so as to make the grantees in said conveyances parties to the action; and that if he should fail to bring in such parties, the action should be dismissed so far as it sought a judgment to abate the dam, and the demand for such a judgment should be stricken from the complaint. From this order the plaintiff appealed.

*Congar & Sloan*, for appellant, argued that the several deeds read in evidence simply convey the right to draw and use water from the power created by the dam, and do not convey any interest in the dam or the land on which in stands; that the right and power to maintain the dam, and to determine at what height it should be kept, by the terms of those instruments, was in the grantors, and the grantees only covenanted to pay to the grantors certain sums to keep the dam, etc., in repair; that this covenant on their part does not make such grantees liable to the plaintiff in damages for the flowage of his land caused by the maintenance of the dam at a certain height; and that they were therefore neither necessary nor proper parties to this action, which is merely an action at law under the statute (R. S. ch. 144, secs. 1, 2) to recover such damages and abate the nuisance.

*Bennett & Norcross*, for respondents, argued that the covenants by the grantees of the water power to contribute toward maintaining the dam, run with the

land (*Wooliscroft v. Norton*, 15 Wis. 198); that the dam is maintained for the benefit of these grantees; that they not only approve and sanction its maintenance by paying therefor, but have taken their grants knowing the damage it has caused and is causing, and by their covenants approve of whatever wrong is doing or has been done, and are liable therefor. 1 Chitty's Pl. (8th Am. ed.) 80; Cowen's Treat. (4th ed.) § 765; 2 Johns. 285; Story's Eq. Pl. ch. 4, especially §§ 72 and 136.

COLE, J. It was not necessary for the plaintiff to make the grantees of the right to draw and use water from the power created by the dam, parties to this suit, so far as abating the dam is concerned. If they have any good reason for appearing in the suit for the protection of their rights, let them come in and defend. But this dam is a nuisance, wrongfully and unlawfully kept up and maintained to the injury of the plaintiff. The owners of that dam are before the court. They refuse to pay the plaintiff for the property they have overflowed, and virtually destroyed, by maintaining the dam at its present height. It is full time that the plaintiff was paid for his property, or the dam abated. Upon what principle is it that, in a common law action for the commission of a wrong to the injury of another—in other words in an action for a tort—the joinder of all the trespassers in the action becomes essential to any recovery? We supposed the rule to be elementary, that in actions of this character against only one of several joint trespassers, the non-joinder of the others was no objection. It was at the election of the plaintiff to join them all, or not. If the grantees of the right to draw and use water from the power created by the dam are indeed deeply interested in maintaining the dam at its present height, there would not seem to be any very great difficulty in protecting their interests. They can pay for the property

which is injured by the dam and rendered worthless to the owner. When they have done this, they will be in an attitude to come into court and resist a judgment to abate or remove the dam. But, so far as the proprietors of the dam are concerned—the persons who originally built and who have maintained it—if they do not choose to pay for the property belonging to the plaintiff which they have destroyed, the dam should be abated.

*By the Court.*—The order of the circuit court is reversed, and the cause remanded for further proceedings according to law.